22 U.S. 532 (1824)
9 Wheat. 532
SMITH
v.
M`IVER.
Supreme Court of United States.
February 10, 1824.
February 20, 1824.
This cause was argued by Mr. Eaton, and Mr. Isaacks,[a] for the appellants; and by Mr. White, and Mr. Spaten,[b] for the respondents.
Mr. Chief Justice MARSHALL, delivered the opinion of the Court.
This is an appeal from a decree of the Circuit Court of the United States for the District of West Tennessee, dismissing the plaintiff's bill.
The bill states, that the plaintiff had made several *533 entries for small tracts of land within the district, for which he had obtained patents. That the defendant, John M`Iver, claiming title to the same land, under an older grant, obtained by Donaldson and Tyrrel, had brought ejectments against him for the several tracts of land he claims, and has obtained judgment in some of them. That he has attempted to bring the causes before this Court by writ of error, but has been unable to do so, because no one of his tracts is worth two thousand dollars; though all of them, taken together, are worth a larger sum.
The bill alleges, that the grant to Donaldson and Tyrrel is a pretended grant, purporting to be issued by the State of North Carolina, in the year 1795; that if genuine, it does not cover his land, because it calls for 40,000 acres only, but includes 70,000 within its boundaries; that the grant is not founded on any warrants, or, if upon any, on those previously granted; and the numbers of the warrants have been inserted in the plat and certificate by the grantees, since the grant issued; that it is probable the grant never did issue, but was stolen out of the office in blank, and was filled up by the grantees, of all which the said M`Iver had notice, before he received his conveyance. That M`Iver contends sometimes, that the grant issued on one set of warrants, and sometimes on another, and has caused it to be registered in Knox county, in one way, and in Overton, where the land lies, in another; and to avoid detection, has torn the plat and certificate of survey from the grant. And, finally, *534 that the State of North Carolina had no power to issue the grant.
The defendant demurred to this bill, and on argument, the demurrer was sustained, and the bill dismissed.
The first question made in the cause, is the jurisdiction of the Court, sitting as a Court of Chancery. It is contended, on the part of the respondent, that a Court of equity can exercise no jurisdiction in the case, because the plaintiff has full and adequate remedy at law.
The several allegations of the bill have been reviewed; and it is contended, that each of them is examinable at law, and ought to be decided in precisely the same manner in both Courts. If the surplus quantity of land contained in the patent, avoids the grant, in whole or in part, in a Court of equity, its effect would be the same in a Court of law. If the grant be void, because issued without warrants, or on warrants previously satisfied, it is void at law. So with respect to the allegations, that it was stolen out of the land office; that the plat and certificate of survey have been torn off; that North Carolina had no power to issue it; and so with respect to every allegation in the bill. The facts alleged are all examinable at law, and a Court of law is as capable of deciding on them as a Court of equity. In such a case, the existence of some fact, which disables the party, having the law in his favour, from bringing his case fairly and fully before a Court of law, has been generally supposed to be indispensable to the jurisdiction of a Court of equity. Some defect of testimony, some disability. *535 which a Court of law cannot remove, is usually alleged as a motive for coming into a Court of equity. But, in the case at bar, the bill alleges nothing which can prevent a Court of law from exercising its full judgment. No defect of testimony is alleged; no discovery is required; no appeal is made to the conscience of the defendant. Facts are alleged, which have precisely the same operation in a Court of law as in a Court of equity; and the bill does not even insinuate that they cannot be proved at law.
The argument on the other side is, that the bill charges gross fraud on those under whom the defendant claims, and charges him with knowledge of that fraud; and that Courts of equity have concurrent jurisdiction with Courts of law, in all matters of fraud.
Admitting this proposition to be true, to the full extent in which it is stated, it will not, we think, aid the case. In all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it. The questions in these cases have all been decided at law, and the party can have no right to bring them on again before a Court of Chancery. Were a Court of equity, in a case of concurrent jurisdiction, to try a cause already tried at law, without the addition of any equitable circumstance to give jurisdiction, it would act as an appellate Court, to affirm or reverse a judgment already rendered, on the same circumstances, by a competent tribunal. This is not the province of a Court of Chancery.
The appellant has relied on the case of Winchester *536 v. Evans, et. al. (Cook's Tenn. Rep.420.) That was a bill in the Court of Chancery of Tennessee, to be relieved against a judgment rendered in the State Court of Pennsylvania, on the suggestion that it was a trial by surprise, in the absence of the party and of his witnesses. The defendant filed a plea in bar, denying the surprise alleged in the bill, and averring that the trial was a full and a fair one, and that the judgment was rendered on all the testimony belonging to the cause. The plaintiff demurred; and, on the argument of the demurrer, the Court said, "taking the matter of the plea to be true, it would bar an investigation in this Court. If the complainant chooses to deny the truth of this plea, he can still reply to it, as well as to the answer; and he may then have an opportunity of showing, that there was not a full and fair trial; and that, therefore, the judgment ought, in equity, to have no effect. But while ever I am constrained to believe that there was a full and fair trial in a Court of law, it will be an objection with me, to a re-investigation in a Court of equity."
This case appears to the Court to decide the very principle laid down in the preceding part of this opinion.
Admitting, then, the concurrent jurisdiction of the Courts of equity and law, in matters of fraud, we think the cause must be decided by the tribunal which first obtains possession of it, and that each Court must respect the judgment or decree of the other. A question decided at law, cannot *537 be reviewed in a Court of equity, without the suggestion of some equitable circumstance, of which the party could not avail himself at law.
Decree affirmed, with costs.
NOTES
[a] They cited 1 Madd. Ch. 130, 180. Polk v. Wendell, 5 Wheat. Rep. 293. 303. Cowp. 208. 1 Burr. 450. 2 Str. 592. Winchester v. Evans, Cooke's Tenn. Rep. 420. Polk v. Wendell, 9 Cranch, 87. Burton v. Williams, 3 Wheat. Rep. 529.
[b] They cited 4 Johns. Rep. 510. 5 Hayn. 106. 206. 216.