Scott, J. Squires, the complainant below, filed his bill in equity for relief against a judgment rendered against him by a justice of the peacej for $61 31, at the suit of Spring, assignee of Smith, vs. Garvin, defendant, and complainant as garnishee, and prayed that, forasmuch as Garvin was wholly insolvent, and that the justice had first refused to set aside the verdict and judgment, and then refused to grant him an appeal, though he had regularly applied in apt time for each, that the chancellor would interpose and set off against this judgment against him an unsatisfied judgment for $150, which he (the complainant below) had, in his own name and right, against the said Garvin, before and at the time of the rendition of the j udgment against him, as garnishee, for the supposed debt of $61 31, due from complainant below to Garvin, and to grant him further relief by injunction. To this bill a demurrer was interposed, upon the overruling of which, and default of further answer, all the relief sought was decreed. As the relief sought, so far as the set-off was concerned, might have been afforded by the court of law, and, unless precluded by making defence to the action at law, ought not to be denied in chancery under the doctrine, which we approve, of the case of Hempstead & Conway vs. Watkins, ad., 1 Eng. 317, notwithstanding what is said to the contrary in the latter part of the opinion of the court in the case of Menifee’s exrs. vs. Ball et al., 2 Eng. 520, which we recognize as applicable mainly, if not alone, to cases where a party may have, in the manner here indicated, received or lost his right to go to the chancellor for relief, the main question presented in the case at bar is, whether or not; under the state of facts presented by the record, the complainant below was precluded from a hearing in equity. It is distinctly shown, by the record, that, upon being summoned as a garnishee, he “ appeared and filed his answer to the interrogatories filed by the plaintiff, (in the suit before the justice,) denying, under oath, that he had any effects in his hands nr possession that belonged to the defendant, Garvin, or that he was, in any manner, indebted to him.” To this answer the plaintiff, in that suit, filed of record his denial of the truth of the answer: — that process was then issued to bring in a jury to try the issue of fact thus formed, on a future day, to which the case was adjourned': that, on that day, the justice adjourned the case to a future day, and a second time issued process for a jury. On this last named day a jury came and so did the plaintiff in that suit, but the defendant made default. The jury were regularly sworn, evidence was produced before them, and they found their verdict on which the judgment was rendered, against which relief is sought in equity. These facts clearly showing, as they do, a plain election by the complainant below to defend himself at law upon the merits of his case, the law holds him to that election, and forever precludes him from a hearing of that case in equity, unless he can show that he was prevented from bringing his defence fairly before that court by fraud, or accident, or the act of the opposite party, unmixed with negligence on his part. (9 Wheaton, 534. 1 Ark. 192. 1 Eng. 85. 6 John. C. Rep. 90. 2 John. 228, 553. 1 John. 49, 91, 320, 432, 465. 6 Rand. 1, 125, 580. 2 Tucker’s Lee. 468.) Nor can it avail him any thing that the justice of the peace refused him both a new trial and an appeal. The law courts, in which he had elected to present his defence, afforded the most full, ample, and complete remedy for any failure on the part of the justice properly to administer the law. The decree on the chancery side of the circuit court of Benton county must, therefore, be reversed, and the cause remanded, with directions to that court to dissolve the injunction and dismiss the bill for want of equity.