SAMUEL WEST ET AL., *v.* CALVARY MORRIS, Trustee, &c.

(No. 7,880.)

1. A court once having acquired jurisdiction of a cause should retain it.
2. In an action for the foreclosure of a mortgage, it is no defense on the part of a mortgagor that a third party has subsequently brought a similar action against him, in a court of concurrent jurisdiction, founded upon the same claim set up in this court.
3. The time of redemption allowed by a decree of foreclosure is a matter solely within the discretion of the court.
4. The insolvency of a trustee does not divest him of his right to sue; *Cestuis que trust* are not necessary parties to a suit by the trustee.

GENERAL TERM.—Proceeding in error to reverse a decree of the special term.

The facts exhibited by the record in this case, are as follows:

On the 15th of December, 1857, Calvary Morris, as trustee for A. B. Smith and wife, filed his petition, at special term, to foreclose a mortgage made by West to him, as such trustee. It was dated Nov. 27th, 1850, to secure the payment of $1,500; and on the same day summons issued for the defendant West and certain lien holders, to appear; all the defendants were served with process previous to January 27th, 1858, at which time West appears to have been served. On the 19th of February, 1858, West answered the petition, admitting his indebtedness, but setting up the fact, that one Geo. W. Smith had notified West not to pay Morris any part of the debt, and had actually commenced a suit in the court of common pleas of Hamilton county, to recover the amount due upon the mortgage, alleging that he was the rightful owner of the claim. He further averred, that process issuing from that court, had been served upon him. A copy of the proceedings had in the common pleas is also made a part of the answer. There was no prayer to dismiss the

petition filed in this court, or that the hearing should be postponed, or that Smith be made a party and intervene. The action in the common pleas, it appears, was commenced by filing the petition on the 20th of January, 1858, and the summons was served on West on the 30th of the same month.

On these facts the judge who tried the cause at special term, held that the court had acquired jurisdiction of the subject-matter, before Smith commenced his suit in the common pleas, and was a sale of the mortgaged premises decreed accordingly.

*J. T. Crapsey,* for plaintiffs in error.

*Thos. C. Ware,* for defendant in error.

STORER, J., delivered the opinion of the court.

We cannot find any error on the part of the court in the proceedings at special term. The suit had not only been commenced in this court, but some of the defendants were served with process before the petition was filed in the common pleas, and West was actually served in this action before he was summoned to appear in that court.

Jurisdiction had properly attached in this forum over the subject before the common pleas had acquired it, and it is our duty to retain the case and proceed to judgment. This is so fully decided in 16 Ohio, 404, 405, *Merrill* v. *Lake,* that we need not vindicate our opinion by the quotation of authorities. It may not be inappropriate, however, to state that the adjudication of our own tribunal is in harmony with the ruling of the supreme court of the United States in 9 Wheaton, 535, *Smith* v. *McIver;* 7 Howard, 625, *Peck* v. *Jenness;* 10 Howard, 67, *Shelby* v. *Bacon.*

It is not our province to extend our jurisdiction by mere implication, nor yet to assume the prerogative to legislate, where there is already an established legal rule. We must,

Samuel West et al. *v.* Calvary Morris, Trustee, etc.

however, maintain and assert all the power clearly given us by law, whenever the exercise of the right is demanded by a suitor, or required for our own protection.

When Morris filed his petition, he was not required to make any persons parties, but those who had liens of record, or claimed an interest in the premises. All this it seems was done; more than this could not have been necessary. The existence of Smith's claim was not then known, nor does it appear to have been made known, until he instituted his suit in the common pleas; and, until the present time, Smith himself has set up no title in this court, nor excepted to our jurisdiction. This is left to the debtor West only to assert, and it seems to us he can not, and must not be permitted to avail himself of any such defense.

Other errors have been assigned. One is, that too short a time was allowed to the debtor by the decree to pay the debt; a sufficient answer to this objection is found in the fact, that no exception was taken at the time the decree was rendered; and as the extent of the time was within the discretion of the court, we may well presume now, at least, that the circumstances of the case warranted the time stated as the limit of further delay. The debt had been due nearly a year before the mortgage was foreclosed, and the suit in which it is now sought to obtain relief, has been pending nearly another year, and we think, therefore, there is but little force in the objection.

Another error assigned is, that Morris, the trustee, is insolvent, and the *cestuis que trust* are not made parties. We can not find any evidence in the record, of the first member of the sentence, and if we did, the fact would not change the aspect of the case. It is immaterial whether the trustee is insolvent or not, no application has been made to remove him by those whose interest he represents, and the court will always see that the fund he controls is properly appropriated. There is no reason why Smith and wife should become parties. West can not require it, as all that concerns him is, to have a legal satisfaction of the debt

27

whenever he is ready to discharge it; the sheriff's receipt will be a sufficient voucher for his protection. Besides, the 27th section of the code authorizes expressly a trustee, like Morris, to sue without joining his beneficiary with him in the action.

Judgment affirmed.