WEEKS v. BILLINGS & TR.   { MARCH 12, 1875.   55 371 / 71 141

An action brought by a citizen of this state against another citizen of this state, as principal defendant, and a corporation organized under a charter granted by the legislature of another state, and having its principal place of business in such other state, as trustee, in a court of this state, cannot be removed as to such trustee to the circuit court of the United States for the district of New Hampshire upon the petition of such corporation.

Section 639 of the Revised Statutes of the United States does not apply to such an action.*

---

*But see note to *Whittier* v. *Hartford Fire Ins. Co.*, ante 141, 142, as to the act of March 3, 1875.   REPORTER.

The action was entered at the March term, 1872. At this term the trustee, The Ætna Insurance Company, filed a petition to remove the cause to the federal court, as follows: "The Ætna Insurance Company, trustee defendant in the above suit, respectfully represents, that it is a corporation duly organized under the laws of the state of Connecticut, having its principal place of business in Hartford in said state of Connecticut, and that it is a citizen of the state of Connecticut; that the plaintiff, William B. Weeks, and the principal defendant, Henry S. Billings, are represented in the writ as citizens of and residents in the state of New Hampshire, which representation your petitioner believes to be true; that the amount in controversy in said suit exceeds the sum of five hundred dollars, exclusive of costs, to wit, the sum of four thousand dollars; that the final determination of the controversy between the plaintiff and your petitioner can be had without the presence in court of the principal defendant: Wherefore your petitioner prays that the cause, as against him, may be removed to the next circuit court of the United States for the district of New Hampshire, for trial and final determination." Signed by the president of the corporation, and verified by oath.

Also, a sufficient bond in the sum of one thousand dollars, to enter and prosecute said suit, &c., in the federal court. But no other paper was filed or presented to the court. The plaintiff and principal defendant both object to the removal of the cause.

The questions arising on said petition were transferred to this court.

*S. C. Eastman*, for the trustee, cited 14 Stat. at Large of U. S. 306 (act of 1866); *Case of the Sewing Machine Cos.*, 18 Wall. 578; *Wallace v. Blanchard*, 3 N. H. 398; *Ingraham v. Alcock*, 14 N. H. 243; *Morrison v. Baker*, 50 N. H. 529.

*Bingham & Mitchell*, for the plaintiff, cited Gen. Stats., ch. 230, sec. 40, and sec. 2; Acts of Congress, July 27, 1866, and March 2, 1867; *Hubbard v. Northern R. R.*, 25 Vt. 715, and 3 Blatchf. 84; *New Orleans v. Winters*, 1 Wheat. 91; *Strawbridge v. Curtis*, 3 Cranch 267; *Beardsley v. Torry*, 4 Wash. C. C. 286; *Ward v. Horendo*, 1 Paine C. C. 410; *Wilson v. Blodgett*, 4 McLean 363; *Bank v. Slocumb*, 14 Pet. 60; 2 Abbott's U. S. Practice 38; *Hatch v. Railroad*, 6 Blatchf. C. C. 105.

*Carpenter*, for the defendants.

SMITH, J. Prior to the enactment by congress, in June, 1874, of the Rev. Stats. of the United States, there were three different statutes providing for the removal of actions from a state court to the circuit court of the United States: the first was the judiciary act (so-called) of 1789, and is substantially the same as the *first* clause of sec. 639 of the Rev. Stats.; the second was the removal act of July 27, 1866, which is substantially the same as the *second* clause of said section; and the third was the act of March 2, 1867, expressed in the title to be in

amendment of the act of 1866, and is substantially the same as the *third* clause of said section.

At the argument it was claimed that this petition was brought under the act of 1866, and not under the act of 1867, which required an affidavit of want of confidence to be filed; also, that all the defendants be citizens of a different state from that of the plaintiff. See *Case of the Sewing Machine Cos.*, 18 Wall. 587, decided October term, 1873.

The several acts of 1789, 1866, and 1867, although in force at the time this suit was brought and first entered in court, having been repealed by the enactment of the Rev. Stats. of 1874, we are to look to those statutes for the rules that now govern the removal of suits from the state to the federal courts. The second clause of sec. 639 of those statutes is as follows:

"Second. When the suit is against an alien and a citizen of the state where it is brought, or is by a citizen of such state against a citizen of the same and a citizen of another state, it may be so removed as against said alien or citizen of another state, upon the petition of such defendant, filed at any time before the trial or final hearing of the cause, if, so far as relates to him, it is brought for the purpose of restraining or enjoining him, or is a suit in which there can be a final determination of the controversy, so far as concerns him, without the presence of the other defendants as parties in the cause. But such removal shall not take away or prejudice the right of the plaintiff to proceed at the same time with the suit in the state court, as against the other defendants."

The only question for our consideration is, whether the trustee is a defendant in the sense in which the word is used in this statute; and if so, whether the principal defendant and trustee can be severed so that the cause may proceed in the state court against the former, and in the federal court against the latter; and it is quite clear this cannot be done. Although the trustee may in some sense be regarded as a defendant, and the question of his liability be tried by a jury or by the court, he has, nevertheless, never been regarded by the courts as a defendant in the proper and usual sense of the term, and in common parlance is known and called by the name of trustee, while his alleged creditor is called the principal defendant. They are not sued in the same right, and are not answerable to the plaintiff in the same manner. The principal is sued on account of some alleged injury which the plaintiff has sustained by his act or neglect. But as between the plaintiff and trustee there is no privity of contract, or other act or neglect by which the plaintiff has sustained damage. The property and credits of the principal defendant in his hands are attached, and he is summoned to show cause why execution should not issue against him for the damage which the plaintiff may recover against the principal defendant. The process as to him is rather to be regarded as an attachment of the defendant's property in his hands; and even if this were an action in which the state and federal courts had original concurrent jurisdiction of the funds of the defendant in the hands of the trustee, the state court being the one before whom proceedings were first had

and whose jurisdiction first attached, would retain its jurisdiction to the exclusion of the other court, if the only controversy were as to the disposition of the funds so attached. *Stearns* v. *Stearns*, 16 Mass. 171.

In all cases of concurrent jurisdiction, the court which first has possession of the subject-matter must determine it exclusively. *Smith* v. *M'Iver*, 9 Wheat. 532; *Taylor* v. *Carryl*, 20 How. 583; *Shelby* v. *Bacon*, 10 How. 56.

The only ground upon which execution can issue against the trustee is, that the plaintiff shall first establish his claim and obtain judgment against the principal defendant. Failing to do this, there is nothing left of the action, and it necessarily abates both as to the defendant and the trustee.

But if it be conceded that the trustee is a defendant in the sense intended in the statute above quoted, it is plain this case does not come within that provision of the statute which requires that the case must be such that there can be a final determination of the controversy so far as concerns him without the presence of the other defendants as parties in the cause, and that the removal shall not prejudice the plaintiff's right to proceed at the same time with the suit in the state court as against the other defendants. Suppose this petition were granted, and the action removed, as to the trustee, to the federal court: what could that court then do with it? The parties there would be the plaintiff and trustee, but no principal defendant. Suppose that court should find the trustee chargeable: what sort of judgment could it render? How could it know whether the plaintiff would be entitled to an execution against the trustee in the absence of the principal defendant as a party? How would it know whether the plaintiff has any claim whatever against the principal? The principal not being in court, no judgment can be rendered against him in the federal court, and that court cannot be supposed to know or inquire what judgment, if any, the state court had rendered against him. It is absurd to say the judgment of the state court may be certified to the federal court so as to lay the foundation of a judgment in that court against the trustee, or that the judgment of the federal court may be certified back to the state court for final execution. There is no provision of the statute for any such proceedings, and no such proceeding was ever heard of. The severance of the parties, if once made, is final, and is fatal to the further existence of the suit against the trustee. The federal and state courts are as distinct as the courts of this and another state, or of this state and a foreign country, and there cannot, from the very nature of their organization under different jurisdictions, be any such certifying backwards and forwards of their judgments and proceedings.

The simple statement of the position in which this action would be placed if this petition were granted is sufficient to show the utter impracticability of the proposition.

CUSHING, C. J. The trustee process is a proceeding under the statute law of New Hampshire. It is required by it that the trustee should

remain in court until judgment can be rendered against the debtor, or, as he is called in the statute, the defendant. By Gen. Stats., ch. 230, sec. 40, "When judgment is recovered by the plaintiff against the defendant, execution in favor of the plaintiff may be issued against the trustee for the amount for which he is adjudged chargeable, as for his own debt, not exceeding the amount of said judgment against the defendant, and against the defendant for any balance." There is no provision by which the proceeding can be brought to a close, unless the trustee and the defendant are in the same court. *Esty* v. *Flanders & Trustee*, 16 N. H. 218. The conditions of the statute under which this suit is sought to be removed cannot be fulfilled, and therefore my opinion is that the action against the trustee cannot be transferred.

LADD, J., concurred.

*Petition denied.*