DATEX–OHMEDA, INC., Plaintiff,

v.

**HILL–ROM SERVICES,
INC., Defendant.**

Civil Action No. 01–666–JJF.

United States District Court,
D. Delaware.

Feb. 5, 2002.

Harold Pezzner, Esquire of Connolly Bove Lodge & Hutz LLP, Wilmington, Delaware. Of Counsel: Sidney David and Charles P. Kennedy, Esquires of Lerner, David, Littenberg, Krumholz & Mentlik, LLP, Westfield, New Jersey. Attorneys for Plaintiff.

Steven J. Balick and Steven T. Margolin, Esquires of ASHBY & Geddes, Wilmington, Delaware. Of Counsel: Donald Knebel, Paul D. Hunt, and Deborah Pollack–Milgate, Esquires of Barnes & Thornburg, Indianapolis, Indiana. Attorneys for Defendant.

### OPINION

FARNAN, District Judge.

Presently before the Court is a Motion To Dismiss For Failure To State A Claim Or For Lack Of Subject Matter Jurisdiction Or, In The Alternative, To Transfer filed by Hill–Rom Services, Inc. ("Hill–Rom"). (D.I.6). For the reasons discussed, the Court will deny the motion.

### BACKGROUND

Plaintiff Datex–Ohmeda, Inc. ("Datex") is a Delaware corporation engaged in the manufacture and sale of medical equipment, particularly infant care products. (D.I. 7 at 1). Ohmeda Medical is the unincorporated division of Datex responsible for the research, design, development, manufacture, marketing and sales of Datex's infant care products, particularly Om-

niBed, the accused product. (D.I. 10 at 3). Ohmeda Medical has its principal place of business in Laurel, Maryland. (D.I. 10 at 3). The three inventors of the '935 patent reside in Delaware. (D.I. 10 at 3).

Hill–Rom is also a Delaware corporation with its principal place of business in Batesville, Indiana. (D.I. 10 at 4). The principal place of business for Hill–Rom's infant care business is Hatsboro, Pennsylvania. (D.I. 10 at 4). The infant care group is responsible for the research, development, engineering, manufacturing, and sales for Versalet, the product at issue. (D.I. 10 at 4). The inventors of the '606 patent reside in Cincinnati, Ohio. (D.I. 10 at 4).

On June 18, 2001, Hill–Rom advised Datex of a patent application for a patient thermal support device pending in the United States Patent and Trademark Office ("PTO"). (D.I. 7 at 1). Hill–Rom also advised Datex that, as soon as the pending application resulted in a patent, Datex's OmniBed product would be infringing, and Hill–Rom would immediately file a patent infringement suit. (D.I. 7 at 1–2).

On October 2, 2001, the pending application issued as U.S. Patent No. 6,926,606 ("the '606 patent") to Hill–Rom. (D.I. 7 at 2). At 2:54 p.m. on October 2, 2001, Datex commenced the instant action against Hill–Rom alleging that the '606 patent interferes with Datex's U.S. Patent No. 6,213,-935 B1 ("the '935 patent") under 35 U.S.C. § 291. (D.I. 10 at 1). Later that same day, Hill–Rom commenced an action against Datex for patent infringement of the '606 patent in the United States District Court for the Southern District of Indiana. (D.I. 10 at 1).

## DISCUSSION

### I. Motion To Dismiss For Failure To State a Claim

■ By its Complaint, Datex alleges that U.S. Provisional Application Serial No. 60/170,265 ("the '265 application") was filed on December 11, 1999 and U.S. Patent Application Serial No. 503,071 ("the '071 application") was filed on February 12, 2000 claiming the benefit of the '265 application. (D.I. 1 at 2). Datex further alleges that the '071 application matured into the '935 patent on April 10, 2001. (D.I. 1 at 2).

Datex also alleges in its Complaint that on January 18, 2000 U.S. Patent Application Serial No. 484, 728 was filed ("the '728 application"). (D.I. 1 at 3). On October 17, 2000, a preliminary amendment was filed amending the '728 application, adding independent claims. (D.I. 1 at 3). On October 2, 2001, the '728 application matured into the '606 patent. (D.I. 1 at 3). Datex alleges that October 17, 2000 is the earliest date that could support the '606 patent because the amended claims lack adequate written description. (D.I. 1 at 5). Datex further alleges that the '606 patent is invalid because it lacks adequate written description under 35 U.S.C. § 112. (D.I. 1 at 5).

By its motion, Hill–Rom contends that the '606 patent owned by Hill–Rom, not the '935 patent owned by Datex, has priority. (D.I. 7 at 7). Specifically, Hill–Rom contends that the face of the '606 patent indicates that it relates back to U.S. Patent Application Serial No. 08/532,963, filed on September 25, 1995. (D.I. 7 at 7). Hill–Rom further contends that because it enjoys priority of invention, Datex's complaint fails to state a claim upon which relief may be granted. (D.I. 7 at 5–9).

In opposition, Datex contends that the '935 patent has priority over the '606 patent. (D.I. 10 at 14). Specifically, Datex contends that Hill–Rom is not entitled to gain the benefit of any earlier filing dates stated on the '606 patent because the

new claims added by amendment lack adequate written description required under 35 U.S.C. § 112. (D.I. 10 at 14). Datex further contends that the '606 patent is invalid because it lacks adequate written description. (D.I. 10 at 15).

In reply, Hill–Rom contends that the '606 patent enjoys priority of invention over the '935 patent by at least four years. (D.I. 12 at 4). Furthermore, Hill–Rom contends that if the '606 patent lacks adequate written description it is invalid and priority becomes irrelevant because there is no priority over an invalid patent. (D.I. 12 at 4).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a motion to dismiss for failure to state a claim should be granted if "a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In examining a complaint, the court assumes the truth of all well-pled allegations and "construe[s] the complaint in the light most favorable to the plaintiff," determining "whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 665–666 (3d Cir.1988).

Construing the allegations in the Complaint in the light most favorable to Datex, the Court concludes that a claim for which relief can be granted has been stated. As discussed below, this Court has jurisdiction under 35 U.S.C. § 291, accordingly, the Court may adjudicate issues of priority and validity. If Datex is successful in proving that the '935 patent and '606 patent interfere and that the '606 patent lacks adequate written description, then the '606 patent would be invalid. Upon the proof of such facts, the Court would provide relief by invalidating the '606 patent under § 112 and the '935 patent would be the only valid patent covering the claimed subject matter. Accordingly, under the notice pleading requirement of the Federal Rules of Civil Procedure, the Court concludes that Datex has stated a claim upon which relief may be granted.

## II. Motion To Dismiss For Lack Of Subject Matter Jurisdiction

By its motion, Hill–Rom contends that jurisdiction is improper under 35 U.S.C. § 291 because the Complaint fails to satisfy the prerequisites of § 291, interfering and valid patents. (D.I. 7 at 12). Specifically, Hill–Rom contends that Datex's allegations that the '606 patent is invalid because it lacks adequate written description divest the Court of subject matter jurisdiction under § 291. (D.I. 7 at 12).

In opposition, Datex contends that under § 291 a court has jurisdiction to determine the existence of an interference and to then determine validity. (D.I. 10 at 8). Datex further contends that its Complaint demonstrates the existence of an interference. (D.I. 10 at 9). Specifically, Datex contends that the independent claims of the '606 patent claim the same subject matter, an infant warming device, as claim 1 of the '935 patent. (D.I. 10 at 10).

In reply, Hill–Rom contends that if the '606 patent is invalid, the Court lacks subject matter jurisdiction pursuant to 35 U.S.C. § 291, and if the patent is valid, Hill–Rom enjoys priority; either way the Court does not have jurisdiction under § 291. (D.I. 12 at 2).

Jurisdiction over the subject matter refers to the power of a court to hear a case of the type in question and render a judgment. *See Noxon Chem. Prods. Co. v. Leckie*, 39 F.2d 318, 320 (3d Cir.1930). Absent subject matter jurisdiction a court has no authority to render judgment.

Challenges to subject matter jurisdiction may be facial or factual attacks. When a defendant attacks subject matter jurisdiction on the allegations on the face of the complaint it is a facial attack; such is the case here. *Carpet Group Int'l v. Oriental Rug Importers Ass'n,* 227 F.3d 62, 69 (3d Cir.2000). When examining a facial attack to subject matter jurisdiction the allegations of the complaint should be construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). However, the party asserting subject matter jurisdiction has the burden of proving its existence. *Carpet Group Int'l,* 227 F.3d at 70.

Section 291 provides in pertinent part that

> [t]he owner of an interfering patent may have relief against the owner of another by civil action, and the court may adjudge the question of the validity of any of the interfering patents, in whole or in part.

35 U.S.C. § 291. In *Albert v. Kevex Corp.,* the Court of Appeals for the Federal Circuit held that a court "has no jurisdiction under § 291 unless interference is established." The *Albert* Court further held that "two or more patents interfere ... when they claim the same subject matter." 729 F.2d 757, 758 n. 1 (Fed.Cir.1984). *Id.* Where interference exists between two patents, a court has jurisdiction to determine the validity and priority of the interfering patents. *Kimberly–Clark Corp. v. Procter & Gamble Dist. Co., Inc.,* 973 F.2d 911, 915 (Fed.Cir.1992).

Initially, the Court concludes that Hill–Rom misconstrues the prerequisites under § 291 to an interference action. Hill–Rom contends that at least two valid and interfering patents are a prerequisite to an interference action under § 291. Interfering patents are certainly a prerequisite as the Federal Circuit has repeatedly held that the sole basis for jurisdiction under § 291 is whether patents interfere. *See Kimberly–Clark* 973 F.2d 911 (holding that a concession of interference provides a court with jurisdiction under § 291 to adjudicate validity and priority); *see also Albert* 729 F.2d 757 (holding that the sole basis for jurisdiction under § 291 is whether patents do in fact interfere). An additional, implicit, requirement of an interference action is at least two patents, issued by the PTO. Without issued patents there is no jurisdiction because, by definition, there can be no interference. All patents issued by the PTO are presumed to be valid; however, under § 291 neither patent owner "knows if its patent is valid in light of the other's patent, the presumption of validity provided by 35 U.S.C. § 282 having been eroded by the grant of an 'interfering' patent." *Kimberly–Clark,* 973 F.2d at 914. Therefore, validity cannot be a prerequisite to jurisdiction under § 291 and allegations of invalidity cannot be precluded because that is the very question the Court must decide when the patents interfere. Furthermore, relief under § 291 includes the resolution of priority and validity issues between owners of interfering patents. *See* 35 U.S.C. § 291. To prevent allegations of invalidity in a complaint, after interference has been established, would undermine the statutory intent. Accordingly, the Court concludes that Datex's allegations that the '606 patent is invalid do not divest the Court of subject matter jurisdiction.

After reviewing the Complaint in the light most favorable to Datex, the Court further concludes that it has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 291. In its Complaint, Datex alleges that the '935 patent and the '606

patent interfere. Datex alleges that the independent claims of the '935 patent and claim 1 of the '606 patent claim the same subject matter, an infant warming device for medical use, and therefore, interfere. The Court is persuaded that Datex has sufficiently pled interference and, therefore, subject matter jurisdiction under 35 U.S.C. § 291.

## III. Motion To Transfer

■ By its transfer motion, Hill–Rom contends that the interests of justice weigh in favor of transferring this action to the Southern District of Indiana. (D.I. 7 at 15). Specifically, Hill–Rom contends it is entitled to forum preference, as the second filed action, because it provided Datex with advance notice of its intent to sue. (D.I. 7 at 16). Hill–Rom further contends that Datex engaged in forum shopping by bringing this action in this district. (D.I. 7 at 16). Moreover, Hill–Rom contends that interference can be adjudicated in the action pending in the Southern District of Indiana. (D.I. 7 at 16).

In opposition, Datex contends that the convenience of the parties, convenience of witnesses, and the interests of justice weigh in favor of maintaining this action in Delaware. (D.I. 10 at 15). Specifically, Datex contends that the convenience of the parties and witnesses do not weigh in favor of transfer because both parties are Delaware corporations and the principal place of business, for the relevant divisions, are in Maryland and Pennsylvania, respectively. (D.I. 10 at 16). Therefore, Datex concludes that the relevant evidence, particularly documents and witnesses, are located locally. (D.I. 10 at 16). Additionally Datex contends that the median time to trial in Delaware and Indiana are nearly the same and therefore do not weigh in favor of transfer. (D.I. 10 at 18). Datex further contends that its forum choice is entitled to preference because it was the first to file. (D.I. 10 at 19).

In reply, Hill–Rom contends that transfer is appropriate because there is a related action, based upon identical products and related patents, already pending in the Southern District of Indiana before Judge Young. (D.I. 12 at 6). Hill–Rom further contends that Judge Young, who has also been assigned the latest action, has already familiarized himself with the technology. (D.I. 12 at 6). Hill–Rom also contends that several thousand documents have been produced by or to counsel in Indiana. (D.I. 12 at 6). Finally, Hill–Rom contends that the convenience of the witnesses weighs in favor of transfer because the witnesses are scattered across the country and do not reside in Delaware. (D.I. 12 at 6).

Transfer of a civil action is governed by 28 U.S.C. § 1404(a) which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal citations omitted). Because it is undisputed that Datex could have brought the instant action in the Southern District of Indiana, the Court must next consider the relevant factors to determine if a transfer is warranted.

The United States Court of Appeals for the Third Circuit has instructed that when reviewing a motion to transfer under 28 U.S.C. § 1404(a) district courts must con-

sider, among other things, private[1] and public[2] interests. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir.1995). When determining whether or not transfer is warranted in the circumstances presented, district courts must balance all of the relevant factors. *Id.* at 883. The burden is upon the movant to establish that the balance of the interests strongly weighs in favor of transfer, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. *See Continental Cas. Co. v. American Home Assurance Co.*, 61 F.Supp.2d 128, 131 (D.Del.1999).

After an examination of the relevant factors, the Court concludes that the factors do not weigh strongly in favor of transfer. With regard to the private factors, the Court is persuaded that Datex's choice of forum, as the plaintiff, should be given substantial deference. Additionally, because the parties to this litigation are national corporations, the Court finds that neither party will be unduly inconvenienced by this action proceeding in Delaware. Further, neither party contends that any witnesses are beyond the jurisdiction of the Court and the location of books and documents is immaterial for corporations of this size. Accordingly, the private factors do not weigh in favor of transfer.

The Court concludes that the public factors also weigh in favor of maintaining this action in Delaware. The Court is persuaded that Delaware has an interest in adjudicating this action because it involves two Delaware corporations. Additionally, the Court is not convinced that the action pending in the Southern District of Indiana is sufficiently related to this action to warrant transfer.

Furthermore, the Court finds no evidence of bad faith or forum shopping in Datex's decision to file this litigation, between two Delaware corporations, in Delaware. *See EEOC v. University of Pennsylvania*, 850 F.2d 969, 976 (3d Cir.1988) (stating that courts have rejected the first filed rule in the face of bad faith or forum shopping). The Court is not persuaded that Hill–Rom's notice to Datex of its intent to file a patent infringement lawsuit is relevant. The act of filing, not the intent to file, controls the decision here, and Datex was the first to file. Accordingly, as the first filed action, and in the absence of bad faith or forum shopping, this litigation will proceed in Delaware. *See Smith v. McIver*, 9 Wheat. 532, 22 U.S. 532, 6 L.Ed. 152 (1824) (holding that "in all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it").

**CONCLUSION**

For the reasons discussed, the Motion To Dismiss For Failure To State A Claim

---

1. The private interests are:

   (1) the plaintiff's choice of forum, (2) the defendant's preferred forum, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial conditions, (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (5) the location of books and records, to the extent that these books and records could not be produced in a certain forum.

   *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir.1995).

2. The public interests are:

   (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases. *Id.*

Or For Lack Of Subject Matter Jurisdiction Or, In The Alternative, To Transfer will be denied.  An appropriate Order will be entered.