**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3445
_____

SAMSUNG ELECTRONICS CO., LTD.,
                                                                      Appellant

v.

IMPERIUM HOLDINGS (Cayman), LTD.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-15-cv-01059)
District Judge:  Honorable Mark A. Kearney

Submitted under Third Circuit L.A.R. 34.1(a)
April 1, 2019

Before:  CHAGARES, HARDIMAN, and SILER, JR.,* <u>Circuit</u> <u>Judges</u>

(Filed: April 8, 2019)

_____

OPINION+
_____

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Court of
Appeals for the Sixth Circuit, sitting by designation.

+ This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

CHAGARES, Circuit Judge.

Samsung Electronics alleges that Imperium Holdings breached a licensing agreement to which Samsung was a third-party beneficiary by bringing a patent-infringement action against Samsung in the Eastern District of Texas. The District Court dismissed Samsung's complaint under the first-filed rule. We will vacate and remand.

I.

We write for the parties and so recount only the facts necessary to our decision. Imperium filed a complaint against Samsung alleging patent infringement in the United States District Court for the Eastern District of Texas in June 2014. After discovery, Samsung requested leave to raise a licensing agreement between Imperium and Sony as a defense. Samsung then filed this lawsuit against Imperium in the United States District Court for the District of Delaware, seeking damages for breach of contract and declaratory relief. The District Court stayed this action (the Delaware case). The Texas case went to trial, and Samsung essentially lost. In a post-trial order, the District Court for the Eastern District of Texas held that Samsung had forfeited any defense based on the Sony license. Samsung appealed to the Court of Appeals for the Federal Circuit.

Back in Delaware, the District Court lifted the stay and Imperium moved to dismiss. The District Court granted the motion under the first-filed rule. The dismissal, however, was without prejudice to Samsung's renewing its claims "in the first filed action should the United States Court of Appeals for the Federal Circuit remand for further proceedings." Samsung Elecs. Co., Ltd v. Imperium IP Holdings (Cayman), Ltd., 2017 WL 4532195, at *6 (D. Del. Oct. 10, 2017). Samsung timely appealed that decision

2

to this Court.

After this appeal was briefed, the Court of Appeals for the Federal Circuit reversed the judgment against Samsung. Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., No. 2017-2107, 2019 WL 404570, at *5 (Fed. Cir. Jan. 31, 2019). The court did not evaluate Samsung's license defense, holding that any "remaining issues" were "mooted by the reversal of liability." Id.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. We review application of the first-filed rule for abuse of discretion. E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 972 (3d Cir. 1988).

## III.

The first-filed rule provides that, "[i]n all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941) (quotation marks omitted) (quoting Smith v. McIver, 22 U.S. 532, 535 (1824)). "[I]n the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit." Chavez v. Dole Food Co., Inc., 836 F.3d 205, 220 (3d Cir. 2016) (en banc). "Because a stay confines litigants to the first forum until proceedings there have concluded," we have explained, "a stay will generally avoid wasted judicial efforts, conflicting judgments, and unnecessary friction between courts." Id. Here, the District Court dismissed Samsung's claims without prejudice to their being refiled in the Texas litigation "should the United States Court of Appeals for the Federal Circuit remand for

3

further proceedings." Samsung, 2017 WL 4532195, at \*6. As we have explained, "Even a dismissal without prejudice may create unanticipated problems." Chavez, 836 F.3d at 221. Since the Court of Appeals for the Federal Circuit did not remand to the Texas court, the District Court's decision is in effect a dismissal with prejudice, which "will almost always be an abuse of discretion." Id. None of the circumstances warranting such a dismissal are present. See id. So we will vacate the District Court's order.

Now that "a final resolution in the first court" has been reached, we will remand to the District Court to consider in the first instance whether this case presents one of "the few instances where there is no res judicata (or other) bar that would prevent litigation in the second forum," Chavez, 836 F.3d at 220, and for any other proceedings it deems appropriate.

IV.

For these reasons, we will vacate the District Court's order and remand to the District Court.