**BARBER–GREENE COMPANY,**
Appellant,

v.

**BLAW–KNOX COMPANY and All Purpose Spreader Company, Appellees.**
No. 12806.

United States Court of Appeals
Sixth Circuit.
Jan. 11, 1957.

Charles F. Meroni and Anthony R. Chiara, Chicago, Ill. (Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., Horace B. Fay, Jr., Fay & Fay, Cleveland, Ohio, on the brief), for appellant.

Walter J. Blenko, Pittsburgh, Pa. (John H. F. Leonard, Walter J. Blenko, Jr., Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., McCoy, Greene & Te-Grotenhuis, Cleveland, Ohio, William Henry Venable, Pittsburgh, Pa., on the brief), for appellees.

Before ALLEN, MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

The appellant is an Illinois corporation, licensed to do business in Ohio, where it has appointed a statutory agent for service of process. On August 1, 1955, the appellees filed a complaint in the District Court for the Northern District of Ohio, seeking a declaratory judgment holding six of the appellant's patents invalid and not infringed. Service of proc-

ess in this action was effected on August 8, 1955. On August 4, 1955, the appellant filed a complaint in the District Court for the Northern District of Illinois against one of the appellees, asking an injunction and damages for infringement of the same six patents. Service of process in that suit was made on August 5, 1955. This appeal is from an interlocutory order entered in the declaratory judgment suit enjoining the appellant from prosecuting the Illinois action.

The appellant contends that the injunction was wrongly issued, and that the Ohio district court instead should have dismissed the declaratory judgment action or transferred it to Illinois pursuant to appellant's motion filed prior to issuance of the injunction. The argument in support of these contentions is that venue in the Ohio district was improper, and that even if venue was proper there, the case should have been transferred to Illinois "in the interest of justice," because the Illinois district court first acquired jurisdiction of the controversy, and in any event was the more convenient forum.[1]

Although the district court's dismissal of the appellant's alternative motion to dismiss or transfer for improper venue is not itself an appealable order, it is reviewable on this appeal from a preliminary injunction. 28 U.S.C.A. § 1292(1); Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 286–287, 61 S.Ct. 229, 85 L.Ed. 189; American Chemical Paint Co. v. Dow Chemical Co., 6 Cir., 1947, 161 F.2d 956, 958; Riverbank Laboratories v. Hardwood Products Corp., 7 Cir., 1955, 220 F.2d 465, 466.

In determining whether proper venue for the declaratory judgment action lay in the Ohio district, we look to the provisions of the general venue statute, 28 U.S.C.A. § 1391; the venue provisions of 28 U.S.C.A. § 1400(b), relating to suits for patent infringement, do not apply. American Chemical Paint Co. v.

Dow Chemical Co., 6 Cir., 1947, 161 F.2d 956, 959.

This general venue statute provides as follows:

"Venue generally (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

"(d) An alien may be sued in any district. June 25, 1948, c. 646, 62 Stat. 935." 28 U.S.C.A. § 1391.

Since this is a "civil action wherein jurisdiction is not founded solely on diversity of citizenship," but is founded on the district court's exclusive and original jurisdiction under 28 U.S.C.A. § 1338(a), the general venue statute in subsection (b) lays venue alone in the judicial district where the defendant resides. Since the defendant is a corporation licensed to do business in the northern district of Ohio, subsection (c) of the statute provides that that district is to be regarded as its residence for venue purposes. The clear terms of the statute therefore make venue in the northern district of Ohio proper in this case.

The appellant's effort to avoid this plain statutory language is staked primarily on this court's decision in American Chemical Paint Co. v. Dow Chemical Co., 6 Cir., 1947, 161 F.2d 956, opinion on rehearing, 6 Cir., 1947, 164 F.2d 208,

---

1. Counsel's reference to the doctrine of *forum non conveniens* in this connection is understandable but inaccurate. Nor-

wood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789.

which the appellant says, states the rule of this circuit "that only the state of a defendant's incorporation has venue in a declaratory judgment action under the patent laws."

It is important to understand the background against which the American Chemical Paint Co. case was decided. The applicable venue statute then in effect was former section 51 of the Judicial Code, which provided in pertinent part that "no civil suit shall be brought * * in any other district than that whereof [defendant] is an inhabitant." 28 U.S. C.A. § 112(a) (1946 Ed.). It had long been settled that under this and predecessor statutes a corporation was an inhabitant only of the state of incorporation. Shaw v. Quincy Mining Co., 1892, 145 U.S. 444, 453, 12 S.Ct. 935, 36 L.Ed. 768. It had also long been settled that, unlike federal jurisdiction, venue in the federal courts is a privilege personal to each defendant, which can be waived. Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 385, 44 S.Ct. 391, 68 L.Ed. 748. The Supreme Court's decisions in Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 and Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 1939, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537, had not overturned these established concepts, but had radically expanded traditional doctrine as to what might constitute a waiver of statutory venue requirements. Those cases had held that a finding of actual consent to be sued in the federal courts in a given state could be based upon a corporation's having received a license to do business and having designated an agent for service of process in that state.

This court's decision in the American Chemical Paint Co. case was that a foreign corporation's appointment of an agent in Michigan did not constitute a waiver of the venue provisions of section 51, for the reason that the Neirbo rule was thought to be limited to cases in which state courts had concurrent jurisdiction; and on rehearing, that since the Michigan statute was not so broad as the

statute involved in the Oklahoma Packing Co. case, there had not in fact been a waiver. The courts of appeals in other circuits viewed the rule of the Neirbo and Oklahoma Packing Co. cases more broadly. See e. g. Crosley Corp. v. Westinghouse Electric & Manufacturing Co., 3 Cir., 1942, 130 F.2d 474, 476.

■ It is unnecessary in this case, however, to consider whether the appellant in qualifying to do business and appointing a statutory agent in compliance with the Ohio statute thereby waived objection to venue in the Ohio forum. The Revision Act of 1948, by providing in 28 U.S.C.A. § 1391(c), that the judicial district in which a corporation is licensed to do business, "shall be regarded as the residence of such corporation for venue purposes," completely departed from any theory of waiver. The difficulty in applying the Neirbo rule of waiver was completely avoided by the draftsmen of the statute, when they provided that the holding of a license to do business by a corporation in a judicial district as a matter of statutory law makes the corporation a resident of that district for venue purposes. Since the appellant is licensed to do business in the northern district of Ohio, venue was proper there under the statute, and questions of waiver become irrelevant. See 3 Moore's Federal Practice, Para. 1904[4]; Ronson Art Metal Works, Inc. v. Brown & Bigelow, Inc., D.C.S.D.N.Y.1952, 104 F.Supp. 716; Remington Rand, Inc., v. Knapp-Monarch Company, D.C.E.D.Pa.1956, 139 F.Supp. 613 (both "doing business" cases).

■ But, even though venue in the northern district of Ohio was proper, the court had power to transfer the declaratory judgment action to any other district "where it might have been brought." 28 U.S.C.A. § 1404(a). Appellant contends that the court abused its discretion in not granting its motion to transfer the action to Illinois, because, it says, the Illinois suit was prior to the Ohio action and should have been allowed to proceed. Although the complaint in the Ohio suit was filed first, the ap-

pellant argues that the Illinois infringement suit was the prior action because service of process was had earlier than in the Ohio proceeding.

Owens v. Ohio Cent. R. Co., C.C.D.W. Va.1884, 20 F. 10, is cited as a conclusive authority in support of the appellant's position. This was an equitable *in rem* action in which it was held that the suit where service of process was first had was the prior action, even though the bill in the other suit was filed earlier. The doctrine of the Owens case has been obliterated by Penn General Casualty Co. v. Commonwealth of Pennsylvania, 1935, 294 U.S. 189, 196, 55 S.Ct. 386, 389, 79 L.Ed. 850, also an *in rem* action, in which the Court said:

"[W]hen the two suits have substantially the same purpose and the jurisdiction of the courts is concurrent, that one whose jurisdiction and process are first invoked by the filing of the bill is treated * * * as authorized to proceed with the cause. * * * The confusion and uncertainty are thus avoided which might otherwise result from the attempt * * * to determine priority of service of process in the two suits."

Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A., is decisive of the question. It provides that "A civil action is commenced by filing a complaint with the court." Once the complaint is filed, service of process is out of the plaintiff's hands; he has done all that he can toward commencing the suit, as Rule 4 imposes upon the clerk the duty of issuing a summons forthwith and upon a United States marshal or another person specially appointed by the court for the purpose, the duty of service of process.

The appellant cites cases stating that the court first obtaining jurisdiction is the one that should proceed with the action and points out that personal jurisdiction was not acquired by the Ohio district court until the service of summons. But in both *in rem* and *in personam* actions, jurisdiction relates back to the filing of the complaint. Milwaukee

Gas Specialty Co. v. Mercoid Corp., 7 Cir., 1939, 104 F.2d 589, 592. See also, Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 1944, 143 F.2d 1012, 1014 and Speed Products Co. v. Tinnerman Products, Inc., 1948, 83 U.S.App.D.C. 243, 171 F.2d 727, 729, where the courts specifically stated that the action which is *commenced* first should be allowed to proceed.

 Appellant also argues that the district court abused its discretion in enjoining the Illinois suit because Illinois was the more convenient forum. The record contains evidence to this end in favor of both Ohio and Illinois. Balance of convenience was therefore a matter clearly within the discretion of the district judge, and his discretion was in no way abused. Sun Oil Co. v. Lederle, 6 Cir., 1952, 199 F.2d 423; Nicol v. Koscinski, 6 Cir., 1951, 188 F.2d 537.

We have not overlooked other contentions made by the appellant, including those relating to an alleged "moritorium" agreement, but find it unnecessary to discuss them in view of our conclusion that they are without merit.

The order of the district court is affirmed.