**AMERICAN MODERN HOME INS., et al., Plaintiffs,**

v.

**INSURED ACCOUNTS CO., INC., et al., Defendants.**

**No. C–1–88–500.**

United States District Court, S.D. Ohio, W.D.

Sept. 28, 1988.

William McD. Kite, Cohen, Todd, Kite & Stanford, Cincinnati, Ohio, for plaintiffs.

Richard Boydston, Cincinnati, Ohio, for defendants.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendants' Motion to Dismiss, Stay or Transfer (doc. no. 6), plaintiffs' Motion for Prelimnary Injunction to Enjoin Proceedings (doc. no. 10), and the memoranda relating thereto.

This action involves a dispute under an Agency Agreement between the parties. A Complaint arising out of the agreement was filed in the Jackson County Circuit Court on April 26, 1988 by the companies which are named as defendants in this action; that case was removed to the United States District Court for the Western District of Missouri on or about May 23, 1988. The plaintiffs in this case, named as defendants in the Missouri case, filed this action in the Hamilton County Court of Common Pleas on April 29, 1988 and it was removed to this Court on or about June 2, 1988. It is uncontroverted that the Missouri case and the Ohio case involve identical issues between the same parties, and that the dispute should be resolved in one forum.

Defendants in this action move this Court to dismiss plaintiffs' Complaint due to the pendency of the previously filed Missouri action or, in the alternative, to stay or tranfer these proceedings to the Western District of Missouri. Plaintiffs, in opposition, maintain that the defendants' case in Missouri is actually a declaratory judgment action or defensive counterclaim which "has been asserted in order to gain leverage in bargaining with plaintiffs and to secure a 'Home Court Advantage' preempting [the Ohio] plaintiffs' choice of forum."

Plaintiffs move this Court to enjoin any further proceedings in the Missouri action on the grounds that it was improvidently filed and that the Western District of Missouri is not the appropriate forum based upon considerations of the equitable circumstances.

The United States Supreme Court first established the "first to file rule" in *Smith v. McIver*, 22 U.S. (9 Wheat.) 532, 6 L.Ed. 152 (1824). "[I]n all cases of concurrent jurisdiction, the Court which first had possession of the subject must decide it." *Id.* 22 U.S. at 535. In 1941, the United States Court of Appeals for the Third Circuit borrowed this quote and clarified the rule by speaking explicitly to federal concurrent jurisdiction. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir.1941), *cert. denied,* 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1942).

■ The first to file rule, however, is not hard and fast; rather the general principle is to avoid duplicative litigation. *See, Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

In a most recent case, the first to file rule was applied by the Third Circuit which interpreted the Supreme Court's statements in *Colorado River* to mean that "rare or extraordinary circumstances, inequitable conduct, bad faith or forum shopping" could block application of the rule. *Equal Employment Opportunity Commission v. University of Pennsylvania,* 850 F.2d 969, 972 (3d Cir.1988).

Initially, this Court notes that a bright line rule in this area best serves the interests of the litigants and the court system, however, we recognize that rare or extraordinary circumstances may render any rule inapplicable in a given case. Therefore, this Court will consider the arguments made by the Ohio plaintiffs to determine whether application of the first to file rule is proper, or whether extraordinary or inequitable circumstances or bad faith have been sufficiently demonstrated to justify making an exception to the rule in this case.

The Ohio plaintiffs argue that the fact that they served their adversaries on May 4, 1988 while the Missouri plaintiffs perfected service on June 24, 1988 weighs in

favor of abandoning the first to file rule. This issue was squarely addressed by the United States Court of Appeals for the Sixth Circuit in *Barber–Greene Co. v. Blaw–Knox Co.*, 239 F.2d 774 (6th Cir. 1957). In an opinion by then Circuit Judge Potter Stewart, the Court held that because an action is commenced upon filing per Fed.R.Civ.P. 3, the first commenced action should receive preference over a later commenced action for which service of process was more swiftly achieved. *Id.* at 778.

■ Admittedly, the *Barber–Greene* litigants were governed by a different Rule 4, which then placed responsibility for service of process upon the federal marshal. Today, parties bear the responsibility themselves to serve each other. This change, however, does not bear upon the reasoning behind the first to file rule, and does not provide a basis to distinguish the ruling of *Barber–Greene*. Obviously, the present-day plaintiff is most interested in assuring that its opponent receives service of process; the change in the methods constructed to achieve that purpose only reflect the increasing ability of the litigants to assume that obligation. Further, the difference in time of service in this case is less than two months and does not unduly prejudice any party. Therefore, the method change in Rule 4 is not significant. The basic reasoning of *Barber–Greene* remains sound and controlling as the filing of a suit is still a far better touchstone for determining chronological preference of cases. *See, id.*

■ The Ohio plaintiffs recognize that the critical objective is to avoid duplicative litigation. Accordingly, they have offered 10 reasons which they argue should tip the balance of equities in favor of maintaining the action in Ohio rather than in Missouri:

1. The Missouri action is essentially one for declaratory judgment and/or is asserted as a defensive counterclaim. Case law does exist to support the proposition that a first filed declaratory judgment action need not suspend proceedings of a later filed suit involving the same issues in a different jurisdiction. *See, Kerotest Mfg. Corp. v. C–O–Two Co.*, 342 U.S. 180, 72 S.Ct. 219,

96 L.Ed. 200 (1952). In *Kerotest*, however, the first filed action was filed under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs' reliance on this case is misplaced. This Missouri action consists of claims in fraud, rescission, breach of contract, and conspiracy; it does not speak to the Declaratory Judgment Act.

2. The Southern District of Ohio has jurisdiction over all parties to this suit. Similarly, the Western District of Missouri also has jurisdiction over all parties.

3. Several of the Ohio plaintiffs' witnesses live near Cincinnati. Doubtless, several of the Missouri plaintiffs' witnesses live in Missouri and people will have to travel regardless of this Court's decision.

4. Ohio law governs the contracts in question. It is unquestionable, however, that a Missouri court is totally capable of deciding an issue according to Ohio law. Further, the logical extension of this argument is a weak challenge to the basic principles of federal jurisdiction.

5. The contracts which are the subject of these suits were negotiated and executed in Ohio. The same contracts, however, were to be performed in Missouri.

6. Calculations of the monies which the Ohio plaintiffs claim are due were made in Ohio. The Court finds this point to be irrelevant to the issues under consideration.

7. The Ohio plaintiffs received their payments in Ohio. Similarly, the Court finds this consideration of little, if any, weight with regard to the question of whether this Court should enjoin, transfer or stay the proceedings in this matter.

8. All of the Ohio plaintiffs have places of business in Cincinnati. Also, both of the Missouri plaintiffs have places of business in Missouri.

9. The Ohio plaintiffs seek to have the Missouri Court transfer its proceedings to this Court. That each party seeks to have the litigation near its own "home court" cannot, without more, constitute a meaningful tip in the balance of equities in favor

or against either party. Further, on September 14, 1988, the United States District Court for the Western District of Missouri denied these Ohio plaintiffs' (the Missouri defendants) Motion to Transfer the Missouri case to this Court.

10. The Missouri plaintiffs have not challenged the jurisdiction of this Court. On the same point, according to the information provided in the Ohio plaintiffs' Memorandum in Opposition to the Transfer or Dismissal of this case, it does not appear that the Ohio plaintiffs challenge the jurisdiction of the Missouri court; rather, the Ohio plaintiffs advocate in favor of one of two choices.

Upon consideration, the Court concludes that the foregoing arguments advanced by the Ohio plaintiffs do not present rare or extraordinary circumstances, do not indicate inequitable conduct or bad faith, and do not warrant the granting of their motion or the denial of defendants' motion. Accordingly, this Court can find no reason to deviate from the bright line rule which dictates that the Missouri action takes precedence.

Therefore, the Court hereby ORDERS that this action be TRANSFERRED to the United States District Court for the Western District of Missouri, Western Division, if the Missouri Court accepts jurisdiction; and if transfer is not accepted, the Court ORDERS that this matter be conditionally dismissed pending the resolution of the case captioned *Assured Accounts Company, Inc. v. American Modern Home Insurance Company, et al.*, Case No. 88–0482–CV–W–9 (W.D.Mo.1988).

Accordingly, plaintiffs' Motion for Preliminary Injunction to Enjoin Proceedings (doc. no. 10) is hereby DENIED; defendants' Motion to Dismiss, Stay or Transfer (doc. no. 6) is hereby GRANTED under the foregoing terms; also, defendants Roberts, Stroud and Bradford's Motion to Dismiss Complaint for Lack of Personal Jurisdiction (doc. no. 5) has been rendered MOOT by the Notice of Voluntary Dismissal Without Prejudice as to those same defendants (doc. no. 11); and the parties' Joint Motion and Stipulation for Stay of Filing of Defendants' Answer or Response to Complaint (doc. no. 19) is hereby rendered MOOT.

IT IS SO ORDERED.