**PLATING RESOURCES, INC., Plaintiff,**

v.

**UTI CORPORATION d/b/a/ Micro-Coax, and Metfab Technologies, Inc., Defendants.**

**No. 5:99–CV–105.**

United States District Court, N.D. Ohio, Eastern Division.

April 23, 1999.

David C. Tryon, Porter, Wright, Morris & Arthur, Cleveland, OH, for Plating Resources, Inc., plaintiff.

Robin G. Weaver, Philip Oliss, Squire, Sanders & Dempsey, Cleveland, OH, James D. Coleman, Raymond A. Quaglia, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, for UTI Corporation dba Micro–Coax, defendant.

Michael N. Ungar, Lawrence D. Pollack, Ulmer & Berne, Cleveland, OH, for Metfab Technologies, Metfab Industries, Metfab Technologies, Inc. defendants.

## OPINION AND ORDER

GWIN, District Judge.

On February 2, 1999, Defendant UTI Corporation, d/b/a as Micro–Coax, filed a motion to dismiss, stay or transfer this case. With this motion, Defendant UTI argues that this case be transferred because UTI first filed a suit against Plaintiff Plating Resources, Inc. in the Eastern District of Pennsylvania [Doc. 4]. Defendant UTI says both actions involve the same issues. Defendant UTI argues that the principles of federal comity require this Court to transfer this action to the Pennsylvania court.[1]

For the reasons that follow, the Court grants Defendant UTI motion to transfer this action to the United States District Court for the Eastern District of Pennsylvania.

### I. Background

This case is a breach of contract action. Plaintiff Plating Resources, Inc. is in the business of designing and constructing metal plating systems. On or about July 16, 1997, Defendant UTI accepted a proposal by Plaintiff Plating Resources to build a "Continuous Tin/Silver/Solder Plating System" at UTI's Pottstown, Pennsylvania division of Micro–Coax (Proposal # 97–0231–C). Under the proposal, UTI agreed to pay Plating Resources $1,983,-200.00 for the system. The proposal included a payment schedule, a time table, and itemized certain quality and performance specifications.

On or about August 27, 1997, Plaintiff Plating Resources subcontracted with Defendant MetFab Technologies, Inc. ("MetFab") to construct part of the plating system. Defendant MetFab built its portion of the system and shipped it to UTI's Pennsylvania facility. Plaintiff Plating Resources later installed the entire system in UTI's facility, including MetFab's product.

During this project, Plating Resources incurred additional costs. Some of these "extra" expenses include labor and engineering hours that Plating Resources says exceed those specified in the original Plating/UTI contract. Although Defendant UTI originally paid the extra charges, UTI

---

1. On February 16, 1999, Defendant MetFab Technologies, Inc. filed a motion to stay proceedings pending arbitration [Doc. 7]. Having determined that transfer is appropriate in this case, the Court does not consider Defendant MetFab's motion to stay.

now claims the charges fall within the original contract price. UTI also suggests that an unloading station built by MetFab did not comply with the original contract and does not function properly.

UTI refuses to pay Plaintiff Plating Resources. Instead, UTI says it is entitled to recover the "extra" expenses as a back charge against the remaining amounts due under the contract. Plaintiff Plating Resources disagrees and sues UTI to recover the amount due under the contract. Plating Resources also sues Defendant MetFab for failure to build the unloading station according to contract specifications.

On January 19, 1999, at 9:28 a.m., UTI filed a breach of contract and declaratory judgment complaint against Plating Resources, Inc. in the United States District Court for the Eastern District of Pennsylvania ("Pennsylvania case").[2] In this Pennsylvania case, UTI claimed jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. Plating Resources is an Ohio corporation with its offices in Cleveland, Ohio. UTI is a Pennsylvania corporation with its principal place of business being Pottstown, Pennsylvania.[3]

Later in the afternoon of January 19, 1999, at approximately 3:45 p.m., Plaintiff Plating Resources filed the instant action against UTI in this Court. In its complaint, Plating Resources sued UTI for breach of contract and, like UTI's earlier filed suit, premises jurisdiction on diversity of citizenship. On January 21, 1999, Plating Resources amended its complaint to add Defendant MetFab as a party. Met-

Fab is a Rhode Island corporation with its offices in Warwick, Rhode Island [Doc. 3].

The Court now considers Defendant UTI's motion to transfer this case to the United States District Court for the Eastern District of Pennsylvania.

## II. Discussion

In its motion to dismiss, stay or transfer this action, Defendant UTI urges this Court to adhere to principles of federal comity and transfer this case to Pennsylvania. In doing so, UTI says that because UTI first filed an action raising the same claims in the Pennsylvania court (albeit only six hours before Plating Resources filed its Ohio action), the Court should transfer the case under the "first-to-file" rule.

In response, Plaintiff Plating Resources says that transferring the case is not appropriate. Plating Resources argues that because Defendant MetFab is not a party in the Pennsylvania action, the Pennsylvania court lacks jurisdiction. With this, the plaintiff suggests that MetFab is "a key party to resolution of this case." Plating Resources also contends that it sought to "eliminate duplicative litigation and promote the efficient administration of justice" by amending its complaint in the Ohio action.[4] These arguments are not persuasive.

In this case, it appears that the parties generally agree that the two cases involve the same core facts and legal issues. The parties agree that, for purposes of judicial economy, the dispute should be consolidat-

---

**2.** See *UTI Corp. v. Plating Resources, Inc.*, No. 99–CV–253, filed January 19, 1999, United States District Court for the Eastern District of Pennsylvania.

**3.** At approximately 1:40 p.m. on January 19, 1999, after UTI filed its complaint against Plating Resources in Pennsylvania, UTI's counsel faxed Plating's counsel a copy of its complaint. UTI included a cover sheet stating:

> Enclosed is a copy of a Complaint we filed this morning on behalf of UTI Corporation. Please give me a call and let me know if

> you are authorized to accept service on behalf of Plating Resources, Inc.

Plaintiff's counsel did not respond. Rather, at approximately 3:46 that afternoon, Plating Resources filed this action against UTI.

**4.** On February 5, 1999, Plating Resources filed with the Pennsylvania district court a motion to transfer venue to the Northern District of Ohio, or to stay the Pennsylvania action pending resolution of the Ohio case. Plating Resources then filed with this Court a Notice of Filing of the motion to transfer the Pennsylvania case to this Court. [Doc. 6].

ed or otherwise resolved in one forum. However, the parties disagree as to the appropriate forum for this case—be it the Ohio or the Pennsylvania court, or binding arbitration. Having reviewed the procedural posture of this action, this Court finds the appropriate forum to be the United States District Court for the Eastern District Pennsylvania. In deciding this, the Court follows the general principles of the "first-to-file" rule.

The first-to-file rule is a well-established doctrine of federal comity. The rule was first recognized by the United States Supreme Court in *Smith v. McIver*, 22 U.S. (9 Wheat.) 532, 6 L.Ed. 152 (1824). There, the Supreme Court stated that "[i]n all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." *Id.* at 534; *see also American Modern Home Ins. v. Insured Accounts Co., Inc.*, 704 F.Supp. 128, 129 (S.D.Ohio 1988) (quoting same). The rule since has been clarified and applied in cases involving concurrent federal jurisdiction. *See E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 972 (3rd Cir.), *cert. granted in part*, 488 U.S. 992, 109 S.Ct. 554, 102 L.Ed.2d 581 (1988).

The first-to-file rule has evolved into a mechanism used to promote judicial efficiency. *See In re American Medical Systems, Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996) (" 'Although there is no precise rule that, as between federal district courts, one court should defer to the other, 'the general principle as to avoid duplicative litigation.' ") (citations omitted); *Barber–Greene Co. v. Blaw–Knox Co.*, 239 F.2d 774, 778 (6th Cir.1957) (describing that the first court to receive filing should proceed with case to avoid confusion and uncertainty); *Parker–Hannifin Corp. v. Samuel Moore & Co.*, 436 F.Supp. 498, 501

(N.D.Ohio 1977) (reiterating that primary jurisdiction attaches in the forum where the action is "first instituted") (citations omitted).

 The rule provides that "when identical suits are pending in two courts, the court in which the first suit was filed should generally proceed to judgment." *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984). Generally, courts should invoke the rule when two suits involving substantially the same parties and purpose have been filed in a concurrent jurisdiction. *Barber–Greene Co.*, 239 F.2d at 778 (citation omitted). However, the same party and same issue is not an absolute requirement. "[A] precise identity of parties is simply not required." *EBW, Inc. v. Environ Products, Inc.*, No. 1:96–CV–144, 1996 WL 550020, at *3 (W.D.Mich. July 8, 1996).

 Although courts should not apply the first-to-file rule too rigidly or mechanically, the rule's importance "should not be disregarded lightly." *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir.1979). Notably, "[t]he most basic aspect of the first to file rule is that it is discretionary." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir.1991). "The decision and the discretion belong to the district court." *Id.*[5]

 In deciding whether the first-to-file rule warrants transferring this case, the Court finds the Ninth Circuit Court of Appeals' decision in *Alltrade* to be instructive. In that case, the court identifies three factors to be considered: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Id.* at

---

**5.** *But see E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971–972 (3rd Cir.1988) (cautioning courts to avoid a "wooden application" of the rule). The court states:

That authority, however, is not a mandate directing wooden application of the rule without regard to rare or extraordinary cir-

cumstances, inequitable conduct, bad faith, or forum shopping. District courts have always had discretion given appropriate circumstances justifying departure from the first filed rule.

*Id.* at 972.

625–26.[6] For purposes of establishing the chronology, courts should focus on the date "a party filed its original, rather than its amended complaint." *Ward v. Follett Corp.,* 158 F.R.D. 645, 648 (N.D.Cal.1994).[7] Applying these factors here strongly favors transfer.

Plaintiff Plating Resources argues against strict application of the first-to-file rule. In doing so, it suggests that the rule does not apply where cases are filed close in time to another. Because the two cases here were filed on the same day, Plating Resources suggests we should not consider the chronology of the filings.[8] Plating Resources also suggests that the second action (Ohio case) will better resolve the disputed issues. Here, the plaintiff emphasizes the need to include Defendant MetFab in the case, suggesting that the Pennsylvania court may not have personal jurisdiction over MetFab. These arguments are not compelling.[9]

First, this Court is unwilling to ignore or dispense with the chronology of these cases. On January 19, 1999, two cases involving the same parties were filed. UTI first filed in Pennsylvania a complaint against Plating Resources. Plating Resources was the only named defendant in that case. Later that afternoon, Plating Resources filed in Ohio a complaint against UTI. At that time, UTI was the only named defendant. Obviously, UTI was

the first to file. Understanding that negotiations to resolve this dispute were underway before the parties filed these actions, either party was in a position to file suit "before the other." Considering this, the chronology of the events favors applying the first-to-file rule.

Next, the Court considers the similarity of the parties in these two actions. Here, Plating Resources suggests that the addition of Defendant MetFab to the Ohio case defeats this requirement. The Court disagrees. First, precise identity of the parties is not required. *EBW, Inc.,* 1996 WL 550020, at *3. Even if precise identity were required, the date of the original complaint and not the amended complaint governs, for purposes of the first-to-file rule. *Ward,* 158 F.R.D. at 648. Here, both actions were filed on January 19, 1999, and both initially named only UTI and Plating Resources, respectively. Plating Resources brought Defendant MetFab into the Ohio case only when it amended the complaint on January 21, 1999 [Doc. 3].

Furthermore, because Defendant MetFab is a "derivative manufacturer" of Plating Resources and not a primary party in this action, the Court is not inclined to view Defendant MetFab's participation in the case as an obstacle to transfer. First, MetFab, a Rhode Island corporation, satisfies diversity of citizenship requirements. Second, the record shows evidence that the

---

**6.** *See also St. Helena Wine Co. v. Allied Management, Inc.,* No. C98–1683 MJJ, 1998 WL 480190, at 1–3 (N.D.Cal. Aug.10, 1998) (same); *Guthy–Renker Fitness, LLC v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 269–70 (C.D.Cal.1998) (same); *J. Lyons & Co., Ltd. v. Republic of Tea, Inc.,* 892 F.Supp. 486, 490–91 (S.D.N.Y.1995) (identifying special circumstances favoring second filed suit).

**7.** *See also Mattel, Inc. v. Louis Marx & Co. Inc.,* 353 F.2d 421, 424 (2nd Cir.1965), *cert. dismissed,* 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966); *Ainsworth v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 298 F.Supp. 479, 480 (W.D.Okl.1969); *Hooker Chemicals & Plastics Corp. v. Diamond Shamrock Corp.,* 87 F.R.D. 398, 401–04 (W.D.N.Y. 1980).

**8.** Plaintiff's brief opposing transfer at 7 (citing *Ontel Prod. Inc. v. Project Strategies Corp.,* 899 F.Supp. 1144, 1153 (S.D.N.Y.1995)) and *Gibbs & Hill, Inc. v. Harbert Intern., Inc.,* 745 F.Supp. 993, 996 (S.D.N.Y.1990).

**9.** While the *Alltrade* court cautioned that the respective convenience of the two courts normally "should be addressed to the court in the first filed action" rather than to the court in the later-filed action, the court observed that "[i]n appropriate cases it would be relevant for the court in the second-filed action to give consideration to the convenience of the parties and witnesses." *Ward,* 158 F.R.D. at 648 (quoting *Alltrade*).

Pennsylvania court would have personal jurisdiction over MetFab. MetFab has conducted business and continues to conduct business in Pennsylvania. Also, Mr. Jay Sussman, the President of MetFab, recognizes and has consented to jurisdiction in Pennsylvania. Sussman affidavit at ¶¶ 4–5.[10] Considering these factors, the Court believes that MetFab has sufficient minimum contacts with Pennsylvania to establish jurisdiction.

The final factor to be considered is whether the issues in the two lawsuits are sufficiently similar to warrant transfer. This factor is clearly satisfied. The parties agree that the Ohio and Pennsylvania actions involve principally the same legal claims (breach of contract) and are predicated on the same facts (the contracts arising out of the construction of the plating system at UTI's Pottstown plant). In fact, the parties themselves suggest consolidating these cases for purposes of judicial economy. Having considered these circumstances, the Court finds that the third factor of the first-to-file rule is satisfied. *See Guthy–Renker Fitness*, 179 F.R.D. at 270; *Allied Management, Inc.*, 1998 WL 480190, *3.

▮ Having decided that the three factors of the first-to-file rule are satisfied, the Court next considers whether equity warrants dispensing with the rule in this case. A district court, in its discretion, may dispense with the first-to-file rule for reasons of equity. Circumstances where an exception to the rule will arise include cases of "bad faith, anticipatory suits, and forum shopping." *Alltrade*, 946 F.2d at 628 (citations omitted). A court may also relax the rule if the "balance of convenience weighs in favor of the later-filed action."

*Guthy–Renker Fitness*, 179 F.R.D. at 270–71.

▮ Here, the Court does not find that UTI acted in bad faith or initiated a "preemptive strike" by filing suit in Pennsylvania. Nor does the Court find it necessary to relax the rule for reasons of convenience. The location of the plating system is Pennsylvania. The end-user of the equipment—UTI, and its offices are in Pennsylvania. Both Plating Resources and MetFab do business in Pennsylvania, as is evidenced by Plating's installation of the system at UTI's Pennsylvania facility. Eastern Pennsylvania is also well-located to Rhode Island and Ohio for purposes of trial. These factors favor transfer.

Furthermore, Plating Resources' argument that the case will be better resolved in Ohio is not persuasive. Ohio is not the "better" forum simply because the contracts at issue may include Ohio choice of law provisions. There is no question that the Pennsylvania court is totally capable of applying and deciding the issues here according to Ohio law. *See American Modern Home Ins. v. Insured Accounts Co., Inc.* 704 F.Supp. 128, 130 (S.D.Ohio 1988) (transferring case to Missouri court where contracts were negotiated and executed in Ohio and Ohio law governed the issues in question). Having considered the equities, the Court does not find that a "balancing of convenience" sufficiently justifies departing from the first-to-file rule.

### III. Conclusion

For the reasons above, the Court finds the first-to-file rule applicable to this case. Accordingly, the Court grants that part of Defendant UTI's motion seeking to transfer this case. Having decided this, the Court transfers this case to the United States District Court for the Eastern District of Pennsylvania.[11] All remaining or

---

**10.** In his affidavit, Mr. Sussman states:

"In the course of its dealing with PRI and UTI, MetFab has shipped and continues to ship equipment to, and MetFab employees have performed an continue to perform services at the Pottstown, Pennsylvania, facility of UTI's Micro–Coax division. MetFab

has done other work for UTI. As a result, MetFab recognizes that jurisdiction exists over it in Pennsylvania courts."

Affidavit at ¶ 4.

**11.** The first-to-file rule should be followed unless "there are other factors of substance" which indicate that the balance of conve-

alternative motions filed in the case are properly left for resolution by the Pennsylvania court.

IT IS SO ORDERED.

niences supports proceeding first in the latter filed district. *Mattel,* 353 F.2d at 424. *See also E.E.O.C.,* 850 F.2d at 977 ("[F]undamental fairness dictates the need for 'fashioning a flexible response to the issue of concurrent jurisdiction. . . .' Under this standard, a court must act 'with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.' ") (citations omitted).