**SMITHERS–OASIS CO., Plaintiff,**

v.

**CLIFFORD SALES & MARKETING, Defendant.**

No. 5:01 CV 2498.

United States District Court,
N.D. Ohio,
Eastern Division.

March 25, 2002.

James A. Vollins, Squire, Sanders & Dempsey, Cleveland, OH, for plaintiff.

Nicholas B. Clifford, Jr., Thompson Coburn LLP, St. Louis, MO, Maura L. Hughes, Calfee, Halter & Griswold, Cleveland, OH, Anthony J. LaCerva, Calfee, Halter & Griswold, Cleveland, OH, Caroline A. Saylor, Calfee, Halter & Griswold, Cleveland, OH, for defendant.

## MEMORANDUM OF OPINION AND ORDER

POLSTER, District Judge.

Before the Court is Defendant Clifford Sales & Marketing, Inc.'s Motion to Transfer, Stay or Dismiss (ECF No. 12). For the reasons stated below, Defendant's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Smithers–Oasis Company ("Smithers") is an Ohio company engaged in the manufacture and sale of horticulture products. Defendant Clifford Sales and Marketing ("CSM") is a Missouri corporation which served as a sales representative for Smithers in several states. In May 2001, Plaintiff terminated its relationship with CSM.

On October 23, 2001, CSM sent Smithers a letter contending that the termination of the agreement was improper and that it intended to file a lawsuit against Smithers in Missouri on November 2, 2001, if it did not receive a response to its letter by that date. Rather than waiting to file the lawsuit, on October 24, 2001, CSM filed a complaint against Smithers in the Circuit Court for the City of St. Louis. In the complaint, CSM alleged breach of contract, breach of the duty of good faith and fair dealing, and a violation of the Minnesota Sales Practices Act. CSM withheld service of process for the lawsuit until the November 2, 2001 deadline had passed. On December 3, 2001, Smithers removed the case to the United States District Court for the Eastern District of Missouri, where it was assigned case number 4:01CV01883–AGF.

On October 31, 2001, Smithers filed a complaint (ECF No. 1) in this Court seeking a declaratory judgment establishing that it properly terminated its relationship with CSM, that it did not breach any implied covenant of good faith and fair dealing, and that it did not violate any other state or federal law. The lawsuit filed in this Court involves the same parties and issues as the Missouri lawsuit. On January 10, 2002, CSM filed a Motion to Stay, Transfer, or Dismiss the declaratory judgment action in favor of the Missouri lawsuit. (ECF No. 11). On January 11, 2002, Smithers filed a Motion to Dismiss in the Eastern District of Missouri seeking to dismiss the lawsuit before that Court in favor of the action filed in this Court.

On February 7, 2002, Smithers filed a Memorandum in Opposition to CSM's Motion to Stay Transfer or Dismiss. (ECF No. 15). CSM filed a reply brief on February 14, 2002 (ECF No. 16) and on March 21, 2002, filed a Supplemental Memorandum in Support of its Motion to Stay, Transfer, or Dismiss (ECF No. 17). Attached to the Supplemental Memorandum is a March 20, 2002 Memorandum and Order from Eastern District of Missouri denying Smithers' Motion to Dismiss after finding no reason to disregard the first-to-file rule.

## II. LEGAL ANALYSIS

In its Motion to Stay, Transfer, or Dismiss, CSM argues that this action should be transferred to the U.S. District Court for the Eastern District of Missouri pursuant to the first-to-file rule. Smithers does not deny that CSM filed the Missouri action before it filed the instant lawsuit, but rather, contends that the first-to-file rule should not be applied because CSM misled it by claiming that it would not file a lawsuit until November 2, 2001.

■ The first-to-file rule provides that "when identical suits are pending in two courts, the court in which the first suit was filed should generally proceed to judgment." *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 903 (N.D.Ohio 1999) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir.1984)). "[C]ourts should invoke the rule when two suits involving substantially the same parties and purpose have been filed in a concurrent jurisdiction." *Id.* (citing *Barber–Greene Co. v. Blaw–Knox Co.*, 239 F.2d 774, 778 (6th Cir.1957)). In determining whether the first-to-file rule warrants a dismissal or transfer, courts usually consider: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues in each case. *Id.* Chronology is determined by the dates upon which the parties filed their original complaints.

*Zide Sport Shop Of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 2001 WL 897542, *3, 16 Fed.Appx. 433 unreported (6th Cir. 2001).

■ District courts may dispense with the first-file-rule if equity so requires. *Id.* "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id.* Although application of the first-to file rule is discretionary, the "rule's importance 'should not be disregarded lightly.' " *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d at 903 (quoting *Church of Scientology v. United States Dept. of the Army*, 611 F.2d 738, 750 (9th Cir.1979)).

■ This case falls within the scope of the first-to-file rule. It is a declaratory judgment action filed seven days after the filing of a lawsuit in another jurisdiction involving the same parties and the same issues. Although Smithers may not have expected CSM to file the lawsuit as quickly as it did, that belief does not entitle it to race to the courthouse to obtain a forum of its own choosing. *Zide Sport Shop Of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 2001 WL 897542, *3, 16 Fed.Appx. 433 unreported (6th Cir.2001) ("A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing."). While CSM perhaps should have waited until November 2, 2001 before filing the Missouri lawsuit, its decision to delay the serving of the summons for the lawsuit until the November 2, 2001 deadline had passed indicates that it was not acting in bad faith. As to the other factors that might weigh in favor of ignoring the first-to-file rule, the Court finds that there is no evidence of extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, or forum shopping on the part of CSM. In-

deed, Smithers' own complaint is an anticipatory lawsuit that likely was filed in an effort to obtain a forum that would be more convenient for Smithers.

Because there appear to be no reasons to dispense with the first-to-file rule, Defendant Clifford Sales & Marketing, Inc.'s Motion to Transfer, Stay or Dismiss (ECF No. 12) is hereby **GRANTED**. The above-captioned case shall be transferred to the Eastern District of Missouri for further proceedings.

**IT IS SO ORDERED.**