**THOMAS & BETTS CORPORATION, Plaintiff,**

v.

**Paul J. HAYES, Weingarten, Schurgin, Gagnebin, & Lebovici, LLP and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Defendants.**

No. 02CV4790D A.

United States District Court, W.D. Tennessee, Western Division.

Sept. 16, 2002.

995

Glen G. Reid, Jr., J. Richard Buchignani, Wyatt Tarrant & Combs, Memphis, TN, Peter B. Ellis, Michael B. Keating, Boston, MA, for plaintiff.

Jef Feibelman, Susan M. Clark, Burch Porter & Johnson, Memphis, TN, for Paul J. Hayes, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., defendants.

George S. Petkoff, Petkoff & Lancaster, Memphis, TN, for Weingarten, Schurgin, Gagnebin & Lebovici, LLP.

## ORDER GRANTING DEFENDANTS MOTIONS TO TRANSFER

DONALD, District Judge.

This matter is before the Court upon the motions of Defendants, Paul J. Hayes; Weingarten, Schurgin, Gagnebin, & Lebovici, LLP ("Weingarten"); and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz"), to dismiss, stay or transfer. For the following reasons, this Court grants Defendants' motions to transfer this case to the United States District Court for the Eastern District of Massachusetts.

The general rule applicable when duplicative lawsuits are pending in separate federal courts is "that the entire action should be decided by the court in which an action was first filed." *Smith v.*

*S.E.C.*, 129 F.3d 356, 361 (6th Cir.1997). The first filed rule is a doctrine of federal comity that promotes judicial efficiency. *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 903 (N.D.Ohio 1999). A court in which a duplicative suit is filed maintains the discretion to stay the suit before it or to allow both suits to proceed. *Smith*, 129 F.3d at 361. "Courts have been ... willing to reject the first-to-file rule and dismiss a declaratory judgment action, if that action was filed for the purpose of anticipating a trial of the same issue in a court of coordinate jurisdiction." *Daimler–Chrysler Corp. v. General Motors Corp.*, 133 F.Supp.2d 1041, 1042 (N.D.Ohio 2001) (citation omitted).

■■■ A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Smith*, 129 F.3d at 361. The parties and issues need not be precisely identical. *Plating Resources, Inc.*, 47 F.Supp.2d at 903. To determine whether the first-to-file rule warrants transferring a case, three factors must be considered: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarities of the issues at stake." *Id.* at 903–04.

■■ This Court will now consider these factors. First, it is undisputed that the Massachusetts action initiated on May 3, 2002, preceded the June 12, 2002, filing by Thomas & Betts Corporation ("T & B") in this Court. Second, the Massachusetts action includes Mintz and T & B, two of the four parties involved in the action in this Court. Mintz and Weingarten are Massachusetts businesses, and Mr. Hayes works in Massachusetts. Thus, the District Court of Massachusetts may exercise personal jurisdiction over all of the named Defendants to this action. Moreover, precise identity of the parties to both actions is not required. *Id.* at 904. All the parties named in the action pending in this Court are interested parties to the action pending in Massachusetts.

Third, in the action pending in Massachusetts against T & B, Mintz asserts claims for breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, quantum meruit / unjust enrichment, violations of Mass.Gen. Laws ch. 93A, §§ 2, 11, and declaratory judgment. In this Court, T & B asserts claims for malpractice, breach of contract, breach of fiduciary duty, and vicarious liability. Both of the actions arise out of the same facts and involve the same legal issues, *i.e.*, dispute for attorneys' fees arising out of alleged malpractice. A determination of Mintz's claims in the District Court of Massachusetts will necessarily require a resolution T & B's claims which are premised on the same conduct and facts. The issues have such an identity that a determination in one action leaves little or nothing to be determined in the other. Thus, these three factors weigh in favor of transferring this case to the District Court of the Eastern District of Massachusetts where the first suit was filed.

It does not appear that the filing of the action in Massachusetts was a bad faith filing. Allegedly, Mintz made repeated requests for the payment of approximately $650,000 in legal fees. T & B refused to pay, and instead, initiated an investigation into the incident to determine whether to file a suit for malpractice. There is no indication that Mintz coaxed T & B into delaying its action in order to file first and choose the forum. *See Plough, Inc. v. Allergan, Inc.*, 741 F.Supp. 144, 147 (W.D.Tenn.1990) (holding that "a party who threatens to file suit in order to obtain a concession, but delays, acts at the risk that the threatened party will be the first to file."); *Plating Resources, Inc.*, 47 F.Supp.2d at 905 (holding that suit for

breach of contract and declaratory judgment was not a preemptive strike or brought in bad faith although filed six hours before the duplicative suit). Thus, no reason exists to reject the application of the first-to-file rule.

■ Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Factors to be considered in ordering a transfer pursuant to 28 U.S.C. § 1404(a) include "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as the other public-interest concerns, such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir.1991), *cert. denied,* 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991). The systematic integrity of the district courts weigh in favor of a transfer based upon the above discussion concerning the first-to-file rule. Three of the four parties to this action are located in Massachusetts. The convenience of the witnesses does not weigh in favor of any party. Thus, in the interest of justice, this Court finds that this case should be transferred to the District Court of the Eastern District of Massachusetts. All remaining or alternative motions filed in the case are properly left for resolution by the Massachusetts court.