MICHAEL H. WATSON, JUDGE
*1069 International Aero Products, LLC, International Aero Holdings, LLC, International Aero Engineering, LLC, International Aero Services, LLC,[1] and Jonathan Saltman (collectively, "International Aero" or "Defendants")[2] move to dismiss, stay, or transfer this lawsuit to the Central District of California based on the first-to-file rule, or dismiss this action based on lack of personal jurisdiction. ECF No. 27. Aero Advanced Paint Technology, Inc. ("Aero Advanced" or "Plaintiff") moves for leave to conduct limited jurisdictional discovery. ECF No. 29.
For the following reasons, the Court GRANTS Defendants' motion and DENIES Plaintiff's motion as moot.
I. BACKGROUND
This matter arises from a trademark dispute between International Aero and Aero Advanced. On April 11, 2018, International Aero Products LLC filed a Complaint against Aero Advanced in the United States District Court for the Central District of California, alleging: (1) infringement of a federally registered trademark under 15 U.S.C. § 1114 ; and (2) infringement of a trademark under 15 U.S.C. § 1125(a). See Int'l Aero Prods., LLC v. Aero Advanced Paint Tech., Inc. , 325 F.Supp.3d 1078, 1082 (C.D. Cal. 2018) ("the California Action").
On April 26, 2018, Aero Advanced filed a Complaint in this Court against International Aero Products LLC and several of its affiliates.[3] ECF No. 1. Aero Advanced's Complaint asserts causes of actions for: (1) Trademark Infringement in violation of 15 U.S.C. §§ 1111 and 1114 ; (2) False Designation of Origin and False Descriptions in violation of 15 U.S.C. § 1125 ; (3) Non-Infringement, Unenforceability, and Cancellation of the '779 Registration, pursuant to 28 U.S.C. §§ 2201, 2202, and 15 U.S.C. §§ 1051, 1064, and 1125 ; and (4) Unfair Competition and Deceptive Trade Practices in violation of Ohio Revised Code § 4165. Id.
On May 3, 2018, International Aero Products, LLC filed a First Amended Complaint in the California Action.[4] See Int'l Aero Prods. , 325 F.Supp.3d at 1083. The First Amended Complaint is nearly identical to the original Complaint except that International Aero Products, LLC is identified as a California LLC in the original Complaint, whereas the amended Complaint indicates that it is a Delaware LLC with its principal place of business in California. Id.
International Aero moved to dismiss, transfer, or stay this case pursuant to the *1070 first-to-file rule or to dismiss this case for lack of personal jurisdiction. ECF No. 27. Aero Advanced then moved for leave to conduct limited jurisdictional discovery. ECF No. 29. Meanwhile, Aero Advanced moved to dismiss or transfer for lack of personal jurisdiction in the California Action. See Int'l Aero Prods. , 325 F.Supp.3d at 1083. The California court denied Aero Advanced's motion and held that it has personal jurisdiction over Aero Advanced and that the California case was the first-filed case. Id. at 1086, 1088.
II. ANALYSIS
"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc. , 16 F. App'x 433, 437 (6th Cir. July 31, 2001). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp. , 511 F.3d 535, 551 (6th Cir. 2007) (quoting In re Burley , 738 F.2d 981, 988 (9th Cir. 1984) ) (internal quotations omitted). If the rule applies, a court may transfer, stay, or dismiss the later filed action. NCR Corp. v. First Fin. Comput. Servs., Inc. , 492 F.Supp.2d 864, 866 (S.D. Ohio 2004) ; see also Smithers-Oasis Co. v. Clifford Sales & Mktg. , 194 F.Supp.2d 685, 688 (N.D. Ohio 2002) (transferring action to first-filed court); Strategic Ambulance, Inc. v. Martinez , No. 1:05-CV-598, 2006 WL 462430, at *3-4, 2006 U.S. Dist. LEXIS 9489, at *10 (S.D. Ohio Feb. 24, 2006) (same).
In deciding whether the first-to-file rule applies, a court should look to three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. See Plating Res., Inc. v. UTI Corp. , 47 F.Supp.2d 899, 903 (N.D. Ohio 1999). "The parties and issues need not be identical but may be substantially similar." AK Steel Corp. v. Jermax, Inc. , No. 1:09-cv-620, 2010 WL 11538475, at *2 (S.D. Ohio May 17, 2010).
A. Chronology of the Actions
The Court must first consider which action was filed first. Here, the California Action was filed on April 11, 2018. See Int'l Aero Prods. , 325 F.Supp.3d at 1082. The instant action was filed on April 26, 2018. ECF No. 1. Then, on May 3, 2018, an Amended Complaint was filed in the California Action to correct the California plaintiff's place of incorporation. See Int'l Aero Prods. , 325 F.Supp.3d at 1083. Aero Advanced argues that the California Action was not first filed because the instant action was filed before the Amended Complaint was filed in the California Action. Aero Advanced also argues that the Amended Complaint does not relate back to the original Complaint.
The Sixth Circuit has indicated that "[f]or purposes of first-to-file chronology, the date that an original complaint is filed controls." Zide Sport Shop of Ohio, Inc. , 16 F. App'x at 437 ; see also NCR Corp. , 492 F.Supp.2d at 866. Moreover, the Amended Complaint in the California action relates back to the original Complaint in that case. An amended complaint relates back to the original pleading when:
(1) the amendment relates to a claim or defense arising out of the conduct, transaction, or occurrence set out in the original complaint; (2) the party to be added has notice of the action within the period provided by Rule 4(m) such that it will not be prejudiced; and (3) the party knew or should have known the action would have been brought against it but *1071 for a mistake concerning the party's identity.
P & G Co. v. Team Techs., Inc. , No. 1:12-cv-552, 2012 WL 5903126, at *6, 2012 U.S. Dist. LEXIS 167208, at *15 (S.D. Ohio Nov. 26, 2012) (citing Fed. R. Civ. Proc. 15(c)(1)(C) ).
Here, the Plaintiff in the California Action timely filed an amended complaint that merely corrected its place of incorporation. See Int'l Aero Prods. , 325 F.Supp.3d at 1083. This Court agrees with the California court's conclusion that "[r]egardless of Plaintiff's place of incorporation, whether California or Delaware, Defendant had notice of Plaintiff's role and the alleged infringement, and timely amending Plaintiff's place of incorporation caused no unfair prejudice to Defendant." Id. at 1087. Accordingly, this Court finds that the California Action is the first filed case.
B. Similarity of the Parties
The second factor that the Court must consider is the similarity of the parties. Under the first-to-file rule, the parties need not be identical but must be "substantially similar." AK Steel Corp. , 2010 WL 11538475, at *2. "Courts generally hold that privity or affiliation between/among defendants is sufficient to find 'substantial overlap.' " Elite Physicians Servs., LLC v. Citicorp Credit Servs., Inc. , No. 1:06-CV-86, 2007 WL 1100481, at *3, 2007 U.S. Dist. LEXIS 26954, at *9 (E.D. Tenn. Apr. 11, 2007) ; see also Volkswagon of Am., Inc. v. MHL Tek, LLC , Case No. 07-14992, 2008 WL 2609828, at *1, 2008 U.S. Dist. LEXIS 50508, at *4 (E.D. Mich. June 30, 2008) ("Defendants are interrelated, and for that reason are substantially similar.").
The California Action is between International Aero Products, LLC and Aero Advanced. Here, Aero Advanced filed its Complaint against International Aero Products, LLC, and additional parties affiliated therewith. ECF No. 1. The only difference between the parties in the California Action and the instant action is the additional Defendants in this action. Those Defendants are all parties/entities affiliated with the plaintiff in the California Action. Therefore, the Court concludes that the parties in this case are substantially similar to the parties in the California Action.
C. Similarity of the Issues at Stake
The third factor the Court must consider is whether the issues in the two lawsuits are sufficiently similar to warrant application of the first-to-file rule. Again, the issues do not need to be identical but must be "substantially similar." AK Steel Corp. , 2010 WL 11538475, at *2.
In the California Action, International Aero Products, LLC brought federal trademark infringement claims against Aero Advanced under 15 U.S.C. §§ 1114 and 1125(a). See Int'l Aero Prods. , 325 F.Supp.3d at 1082. In this action, Aero Advanced brings federal trademark infringement claims against International Aero under the same provisions, as well as federal trademark infringement claims under 15 U.S.C. § 1111, Non-Infringement, Unenforceability, and Cancellation of the '779 Registration claims pursuant to 28 U.S.C. §§ 2201, 2202, and 15 U.S.C. §§ 1051, 1064, and 1125 ; and Unfair Competition and Deceptive Trade Practice claims under Ohio law.
Although this action raises additional federal and state law claims related to the alleged trademark infringement, the factual allegations and central theories of liability are the same in both actions. Both cases allege trademark infringements involving the parties' "AERO" and "AERO and Design" trademarks. When considering the *1072 similarity of the issues at stake in the cases, the California Court reached the same conclusion, stating: "At the heart of both cases is a claim of trademark infringement. The ultimate issue is the right to use 'AERO' and 'AERO and Design' as trademarks and the subsequent damages resulting from the alleged infringement." See Int'l Aero Prods. , 325 F.Supp.3d at 1088. Therefore, this factor also weighs in favor of applying the first-to-file rule.
D. Equitable Considerations
Having found all three factors met, the Court concludes that the first-to-file rule applies. This Court has the "discretion to dispense with the first-to-file rule where equity so demands." AK Steel Corp. , 2010 WL 11538475, at *2 (S.D. Ohio May 17, 2010). "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." Certified Restoration Dry Cleaning Network, L.L.C. , 511 F.3d at 551-52 (quoting Zide Sport Shop of Ohio, Inc. , 16 F. App'x at 437 ).
Aero Advanced argues that the California action was filed in "a bad faith attempt to forum shop and harass Aero [Advanced]" and that "[t]he entire point of the California lawsuit was to get it filed immediately so that Aero [Advanced] would be caught off-guard and unable to file its valid Complaint in Ohio." Pl. Memo in Opp. 6, ECF No. 35. However, Aero Advanced does not cite any evidence that the California Action was filed in bad faith. Therefore, the Court concludes that there is presently no extraordinary circumstance such that the Court should decline to apply the first-to-file rule. Accordingly, the Court exercises its discretion under the first-to-file rule to transfer this case to the Central District of California, where the first filed case is currently pending.
Because the case is transferred pursuant to the first-to-file rule, it is unnecessary for the Court to address International Aero's motion to dismiss for lack of personal jurisdiction. See Plantronics v. Clarity, LLC , No. 1:02-cv-126, 2002 WL 32059746, at *1, 2002 U.S. Dist. LEXIS 26796, at *2 (E.D. Tenn. July 17, 2002) ("Moreover, because the case is being transferred pursuant to the Court's inherent authority under the first-to-file rule, it is unnecessary to address the separate question whether this Court may exercise personal jurisdiction over the defendant."). Accordingly, Aero Advanced's motion for leave to conduct jurisdictional discovery is DENIED AS MOOT .
III. CONCLUSION
For the foregoing reasons, the Court finds that the first-to-file rule applies and GRANTS Defendants' motion, ECF No. 27. Plaintiff's motion for leave to conduct limited jurisdictional discovery is DENIED as moot, ECF No. 29. The Clerk is DIRECTED to transfer the case to the United States District Court for the Central District of California and TERMINATE the case on this Court's docket.
IT IS SO ORDERED .

Plaintiff alleges in a footnote in its memorandum in opposition that International Aero Services, LLC ("IAS") has failed to appear in this case and is in default. Pl. Memo in Opp. 1 n.1, ECF No. 35. Defendants' reply indicates that IAS may have been inadvertently left off the list of Defendants in the motion to dismiss, but the motion was signed on behalf of "all Defendants." See Defs. Reply 5, ECF No. 36 (citing Def. Mot. 2, 13, ECF No. 27). Because Plaintiff has not moved for entry of default, and merely mentions it for the first time in a footnote in a response brief, the Court declines to consider Plaintiff's default allegation at this time.

Plaintiff also names John Does 1 - 5 as Defendants.

Defendant Jonathan Saltman is the part-owner and CEO of International Aero Products, LLC and declares that each of the Defendants in this action are affiliated. ECF No. 27-1.

International Aero Products, LLC filed the First Amended Complaint before Aero Advanced answered and within ninety days of filing the original Complaint. Id.